UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| IVAN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-391 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| DAVID PRATT, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff Ivan Williams presently is incarcerated with the Michigan Department of Corrections and housed at Oaks Maximum Correctional Facility (ECF). He sues the following ECF personnel: Assistant Warden of Housing David Pratt, Assistant Counselor Wendy Bulerski, and Warden Cindi Curtin.

Plaintiff presently is confined in segregation. He alleges that Defendants discriminate against segregated prisoners in their general living conditions by refusing to allow them the opportunity to order, from an approved prison vendor, any devices containing an electrical cord, such as a radio and a fan. Plaintiff alleges that, in addition to being discriminatory, the policy lacks common sense, since segregation prisoners may order battery-operated devices. Plaintiff also complains that policy impermissibly discriminates against segregation prisoners by preventing them from ordering and possessing snack food items in their cells.

For relief, Plaintiff seeks an order permitting segregation prisoners to order a list of seven electrical items from an approved vendor and to purchase and possess chips, popcorn, cookies and candy bars from the prison commissary.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not state what constitutional right he believes is infringed by the prison policy. However, because he suggests that segregation prisoners are being discriminated against because they are treated differently from general population prisoners, his claim arguably asserts a violation of the Equal Protection Clause. Alternatively, Plaintiff may intend to argue that he has been deprived of the relevant items in violation of the Due Process Clause. Finally, Plaintiff arguably raises a claim under the Eighth Amendment. The Court will address each in turn.

### A. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff's allegations do not implicate a fundamental right. Plaintiff does not have a fundamental constitutional right to possess a particular radio or other electronic device or to purchase and possess snack food. *See Williams v. Vidor*, No. 02-2303, 2003 WL 21085362, at *2 (6th Cir. May 8, 2003) (no fundamental right related to prison segregation); *Austin v. Lehman*, 893 F. Supp. 448, 454 n.5 (D.D.C. 1993) (the mere unwillingness to expend scarce prison resources on luxury items such as

cigarettes for disciplined prisoners – would constitute an adequately rational basis to support the challenged "deprivation") (citing *Prows v. Dep't of Justice*, No. 89 Civ. 2929, 1991 WL 111459, at *3 (D.D.C. June 13, 1991) (upholding as rational commissary pricing scheme that made no concession to indigence and thus effectively denied sundries to poorer prisoners)). Moreover, Plaintiff has failed to identify any case law suggesting that segregation prisoners constitute a protected class. *Cf. Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998) (holding that prisoners, as a group, are not a suspect class); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) (same).

Because no fundamental right is implicated in this case and because Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. *See United States v. Kras*, 409 U.S. 434, 446 (1973); *Hampton*, 106 F.3d at 1286. Instead, the decision to deny Plaintiff the right to possess devices with electrical cords and snack foods need only be rationally related to a legitimate governmental interest. Thus, the restrictions imposed upon Plaintiff and other segregation prisoners will not offend the Equal Protection Clause if there is a rational basis for it under any reasonable state of facts. *See Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993); *see also City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

In the MDOC, security classifications, from least to most secure, are: Community Status, Levels I, II, III, IV, V, VI, and segregation. MICH. DEP'T OF CORR., Policy Directive 05.01.130, ¶ H (effective Mar. 1, 2004). There are various types of segregation, including administrative segregation and detention. Administrative segregation is the most restrictive and is imposed for institutional security, *e.g.*, when a prisoner poses a serious escape risk or presents a serious threat to the physical safety of staff or other prisoners. MICH. DEP'T OF CORR., Policy Directive 04.05.120, ¶ J (effective Feb. 14, 2005). Detention, or "punitive segregation" can be

imposed as a sanction for committing a major misconduct, if ordered by the hearing officer. *Id.*, ¶ W. If possible, detention is served in a "designated detention cell" rather than in administrative segregation. *Id.* A prisoner may not remain on detention for a period longer than that ordered by the hearing officer. *Id.* The behavioral adjustment of a prisoner in segregation is reviewed periodically with the prisoner. *Id.*, ¶ GGG. Reclassification from administrative segregation occurs only with the approval of the Security Classification Committee. *Id.*, ¶ III. If the prisoner committed a serious assault, the approval of the Regional Prison Administrator is also required. *Id.*

Plaintiff does not identify the type of segregation in which he is being held. Regardless, however, it unquestionably is reasonable for the prison to place limitations on the possession of personal property for those offenders, either for punitive purposes or to manage the threat created by prisoners who are not able to be managed in the general prison population. *See Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002) (segregated prisoner's deprivations were unquestionably rationally related to legitimate interest in prison security because prisoner's conduct had been violent or disruptive); *Williams v. Vidor*, No. 02-2303, 2003 WL 21085362, at *2 (6th Cir. May 8, 2003) (confinement in administrative segregation did not violate his equal protection rights because it is rationally related to the prison's legitimate interest in maintaining security); *Kunkel v. Schriro*, No. 96-2162, 1997 WL 1579, at *1 (8th Cir. Jan. 2, 1997) (the personal property and no contact restrictions placed on segregation inmates were reasonably related to maintaining security, which is clearly a legitimate penological objective); *Hosna v. Groose*, 80 F.3d 298, 304-05 n.10 (8th Cir. 1996) (personal property restrictions reasonably related to "heightened" security risk posed by administrative segregation inmates). Plaintiff therefore fails to state an equal protection claim.

### B. Due Process

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Hewitt*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). *But cf. Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005) (placement in "supermax" facility sufficiently atypical to implicate due process). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484.

Here, Plaintiff clearly has failed to suggest that his segregation at ECF imposes an atypical and significant hardship. Plaintiff's sole complaint is that he cannot possess the kind of radio or electronic device he prefers and that he cannot order snack food from the commissary. Such concerns fail to rise to the level of a due process violation.

### C. Eighth Amendment

Plaintiff arguably claims that the conditions and restrictions imposed upon him as a segregated prisoner violate his Eighth Amendment rights. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the

unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Plaintiff claims only that he is prevented from possessing certain electronic equipment and is unable to obtain snack foods from the prison store. Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although it is clear that Plaintiff was denied certain privileges as a result of his administrative segregation, he does not allege or show that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999). As a result, Plaintiff fails to state an Eighth Amendment claim against Defendants.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 11, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |